DOCKET NO. 386

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE B. F. GOODRICH PASSENGER TIRE ANTITRUST LITIGATION

### TRANSFER ORDER

All parties to the actions listed on the attached Schedule A[1] agree on the desirability of or do not oppose transferring the action pending in the District of Arizona to the Northern District of Californ for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions pending in that district.  In addition, the Panel has found upon consideration of the papers submitted[2] that these actions involve common questions of fact and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the District of Arizona be, and the same hereby is, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable William A. Ingram for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Murray I. Gurfein
Chairman

---

1/  B. F. Goodrich Company, the movant in this litigation, originally moved the Panel to include an additional action, United States of America v. B. F. Goodrich Company, N.D. California, C.A. No. C78-1785-WAI, in the coordinated or consolidated pretrial proceedings we are herewith ordering.  Section 1407(g), however, clearly prohibits the Panel from doing so.  See, e.g., In re Mutual Fund Sales Antitrust Litigation, 361 F. Supp. 638, 640 (J.P.M.L. 1973); In re Ampicillin Antitrust Litigation, 315 F. Supp. 317, 318-19 (J.P.M.L. 1970).  In Goodrich's reply brief before the Panel, Goodrich suggests that the Panel should "leave entirely to the transferee court the decision of whether or not the [Government] action should be coordinated or consolidated with the three [actions before the Panel]."  Goodrich's suggestion is clearly the only appropriate course for us to follow and, accordingly, we have excluded the United States' action from our transfer order.

2/  The parties waived their right to oral argument and, accordingly, the question of transfer of these actions under Section 1407 was submit on the briefs.  Rule 14, R.P.J.P.M.L., 78 F.R.D. 561, 572 (1978).

DOCKET NO. 386
Schedule A

| DISTRICT OF ARIZONA | Civil Action No. |
|---|---|
| State of Arizona v. B. F. Goodrich Company | 79-149-WPC |

| NORTHERN DISTRICT OF CALIFORNIA | |
|---|---|
| The State of California, et al. v. B. F. Goodrich Company | C78-2263-WAI |
| Gene Stidham, et al. v. B. F. Goodrich Company | C79-0464-LHB |